UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT REED,<br><br>             Plaintiff,<br><br>    v.<br><br>[UNSPECIFIED],<br><br>             Defendants. | Case No. 2:22-cv-03973-JLS-JC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO RESPOND TO ORDER |

## I.    INTRODUCTION

On June 9, 2022, Plaintiff Vincent Reed, a federal prisoner currently housed at the Federal Correctional Institution in Phoenix, Arizona, who was previously housed at the United States Penitentiary in Lompoc, California ("USP Lompoc") filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" ("Complaint" or "Comp."), seeking damages against one or more unspecified Defendants based on his treatment at USP Lompoc after Plaintiff contracted COVID-19. (Docket No. 1). Plaintiff is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"). (Docket Nos. 2, 4).

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. THE COMPLAINT

The Complaint is fragmentary, containing only pages 1, 2, 4, and 5 of an apparently six-page form. Liberally construed, the Complaint asserts a single claim for relief alleging that unidentified Defendant(s) at USP Lompoc, sued in their individual and official capacities, violated Plaintiff's constitutional rights as follows:

> On March 26, 2020, Defendant confined [Plaintiff] to the SHU after contracting COVID-19. Additionally Defendant forced [Plaintiff] to take medication which has negatively affected [Plaintiff's] body. Furthermore, Defendant deprived [Plaintiff] of medical treatment for several days after contracting COVID-19 while [Plaintiff] was housed in the SHU at [USP Lompoc], on March 30, 2020.

(Comp. at 1-2, 4). Plaintiff seeks $300,000 in damages. (Comp. at 5).[1]

## III. PERTINENT LAW

As plaintiff is a prisoner proceeding IFP on a civil rights complaint presumably against government defendants, the Court must screen the Complaint and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641-42 (9th Cir. 2018) (discussing prisoner civil rights litigation screening requirement).

---

[1] Plaintiff previously was a part of a pending class action lawsuit seeking declaratory and injunctive relief for, in part, adequate medical care for those prisoners in custody at USP Lompoc who contract COVID-19. See Garries et al. v. Milusnic, Case No. 2:20-cv-04450-CBM-PVCx, Docket No. 426 (summarizing action and noting that Plaintiff was dismissed from the case when he no longer was in custody at USP Lompoc); see also Fed. R. Evid. 201(c); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

1         When screening a complaint to determine whether it states any claim that is
2 viable, the Court applies the same standard as it would when evaluating a motion
3 to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso,
4 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is
5 read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure.
6 Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, each
7 complaint filed in federal court must contain a "short and plain statement of the
8 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While
9 Rule 8 does not require detailed factual allegations, at a minimum a complaint
10 must allege enough specific facts to provide *both* "fair notice" of the particular
11 claim being asserted *and* "the grounds upon which [that claim] rests." Bell
12 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation
13 marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8
14 pleading standard "demands more than an unadorned, the-defendant-unlawfully-
15 harmed-me accusation") (citing Twombly, 550 U.S. at 555).
16         To avoid dismissal on screening, a complaint must "contain sufficient
17 factual matter, accepted as true, to state a claim to relief that is plausible on its
18 face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of
19 Shelby, Mississippi, 574 U.S. 10, 12 (2014) (per curiam) (Twombly and Iqbal
20 instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim
21 has substantive plausibility"). A claim is "plausible" when the facts alleged in the
22 complaint would support a reasonable inference that the plaintiff is entitled to relief
23 from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation
24 omitted); see also Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018) ("[A]
25 [Section 1983] plaintiff must plead that each Government-official defendant,
26 through the official's own individual actions, has violated the Constitution.")
27 (quoting Iqbal, 556 U.S. at 676); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071
28 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against

*each* defendant" to satisfy Rule 8 requirements) (emphasis added). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Rule 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting Iqbal, 556 U.S. at 678-79), cert. denied, 574 U.S. 1077 (2015). In addition, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted), and "need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (citation omitted).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939,

954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a viable claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

## IV. DISCUSSION

For the reasons explained below, the Complaint is dismissed with leave to amend.

### A. Rule 8

The Complaint violates Rule 8 at least because it fails to provide any Defendant with "fair notice" of the claims being asserted. The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); see also Cafasso, 637 F.3d at 1058 (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (noting that under Rule 8(a) a complaint must contain "sufficient allegations to put defendants fairly on notice of the claims against them") (citations omitted). Here, among other deficiencies, the Complaint never even identifies a Defendant

///
///
///

and the Court cannot even discern how many Defendant(s) Plaintiff intends to sue.[2] McHenry v. Renne, 84 F.3d at 1178 (complaint is subject to dismissal if one cannot determine from the complaint who is being sued and on what theory of relief). Because the Complaint fails to provide any Defendant with fair notice of the claims and allegations against them, it is dismissed with leave to amend for violation of Rule 8.

### B. Rule 10

Rule 10(a) of the Federal Rules of Civil Procedure requires that the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Here, the portion of the Complaint caption which calls for Plaintiff to name the Defendants is entirely blank. (Comp. at 1). Because the caption lists no Defendants, it is unclear who is actually being sued in this action. Accordingly, the Complaint warrants dismissal with leave to amend for violation of Rule 10(a). See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992). In any amended pleading, Plaintiff must clearly indicate the Defendant(s) he is suing, and name those Defendants in the caption.

### C. Failure to State a Claim/Other Deficiencies

Plaintiff's Complaint allegations – as quoted above – are entirely conclusory and fall well short of stating a viable claim for relief. The Complaint accordingly

///

---

[2] Claims against "unknown" defendants are disfavored, Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999), and while a plaintiff may sue a defendant whose name is unknown initially by using a fictitious name (e.g., "John Doe" or "Jane Doe"), Plaintiff here does not even do that and instead merely generally refers to unidentified "Defendants." Local Rule 19-1 provides that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." C.D. Cal. L.R. 19-1. To state claims against Doe Defendants, Plaintiff must articulate, at the very least, what conduct each respective Doe Defendant is responsible for and how such conduct violated Plaintiff's rights. See McHenry, 84 F.3d at 1178.

is subject to dismissal on such basis. Aside from such fundamental flaw, the Complaint is also deficient in at least the following respects.

First, Plaintiff fails to state any claim arising under 42 U.S.C. § 1983 because Section 1983 does not afford a cause of action against federal officials acting under color of federal law, as appears to be alleged here. See Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (Section 1983 "provides no cause of action against federal agents acting under color of federal law.") (citation omitted); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) ("There is no valid basis for a claim under section 1983, in that [plaintiff's] allegations are against federal officials acticing under color of federal law."). Instead, to the extent Plaintiff intends to sue federal officials in their *individual* capacities for damages based on alleged violations of his federal constitutional rights, any such claim arises (if at all), under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which is the federal analog to suits brought against state officials under 42 U.S.C. § 1983 and permits individuals to sue federal officials for damages for constitutional violations under certain circumstances). See Carlson v. Green, 446 U.S. 14 (1980) (Bivens remedy is available for a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment); see also Morgan v. United States, 323 F.3d 776, 780 n.3 (9th Cir. 2003) (Bivens claim only available against federal officials in their *individual* capacities) (citation omitted; emphasis added).

Second, to the extent Plaintiff intends to sue federal officials in their *official* capacities or to sue USP Lompoc/the United States itself for damages arising from constitutional violations, he fails to state/cannot state such a claim. The Supreme Court has declined to extend Bivens remedies to federal agencies, F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994), and a Bivens suit against a defendant in his/her *official* capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. See

Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).

Third, to the extent Plaintiff seeks to recover damages for medical negligence or malpractice (*i.e.*, non-constitutional torts) against federal officials in their official capacities – a claim which would be construed to be against the United States – any relief must be sought under the Federal Tort Claims Act ("FTCA"), which is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. See United States v. Orleans, 425 U.S. 807, 813 (1976). Here, however, Plaintiff fails to state a viable FTCA claim over which the Court has subject matter jurisdiction because he has not affirmatively alleged exhaustion with any particularity, which is a jurisdictional prerequisite to pursuing such a claim in federal court. See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (claimant must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim), cert. denied, 531 U.S. 1037 (2000); 28 U.S.C. § 2675. Exhaustion under the Prison Litigation Reform Act does not satisfy the exhaustion requirement under the FTCA. Compare 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedure) with 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons). Here, Plaintiff's general allegations that he has filed a grievance concerning the facts alleged in the Complaint and completed the grievance procedure at USP Lompoc, without providing any details regarding the same, do not establish exhaustion to clearly confer jurisdiction with this Court under the FTCA, even assuming he had otherwise stated a viable FTCA claim.

///
///
///
///

## V. ORDERS[3]

In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that within twenty (20) days of the date of this Order, Plaintiff must do one of the following:

1. File a First Amended Complaint which cures the pleading defects set forth herein;[4] or

2. Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

3. File a Notice of Intent to Stand on Complaint, indicating Plaintiff's intent to stand on the original Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action in its entirety based upon such defects.

///

---

[3] The Magistrate Judge's orders herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

[4] The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which Plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) allege specifically what each defendant did and how that individual's conduct specifically violated Plaintiff's civil rights; (g) state the names of all Defendants in the caption (Fed. R. Civ. P. 10(a)); and (h) not add Defendants or claims that are not reasonably related to the claims asserted in the original Complaint.

**Plaintiff is cautioned that Plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: June 22, 2022

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE